IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Ward Chapman,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>　　　　　　Respondents. | No. CV-13-00786-PHX-SRB (BSB)<br><br>**REPORT AND RECOMMENDATION** |

James Ward Chapman (Petitioner) has filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondents have filed an Answer asserting that Petitioner's claims lack merit (Doc. 12), and Petitioner has filed a reply. (Doc. 14.) In his reply, Petitioner requests an evidentiary hearing and, if the court sets a hearing, he requests the appointment of counsel. (Doc.14.) For the reasons below, the Petition and motion should be denied.

**I.　　Factual and Procedural Background**

　　**A.　　Trial, Sentencing, and Appeal**

On March 27, 2008, a jury in the Maricopa County Superior Court found Petitioner guilty of one count of molestation of a child, a class 2 felony, and one count of sexual abuse, a class 3 felony. (Doc. 12, Ex. A.) On April 24, 2008, the trial court sentenced Petitioner to seventeen years' imprisonment for the molestation conviction and placed him on lifetime probation for the sexual abuse conviction. (Doc. 12, Ex. B.)

Petitioner sought review in the Arizona Court of Appeals and argued that the trial court erred by admitting into evidence statements that he made before he received *Miranda*[1] warnings. (Doc. 12, Ex. C.) On July 9, 2009, the court of appeals affirmed Petitioner's convictions and sentences. (Doc. 12, Ex. D.) After Petitioner's appellate counsel declined to file a petition for review in the Arizona Supreme Court (Doc. 12, Ex. E), Petitioner filed a pro se petition, which was denied. (Doc. 12, Ex. E; Doc. 1-1 at 1.)[2]

### B. Petition for Post-Conviction Relief

Petitioner then filed a notice of post-conviction relief in the Arizona Superior Court (the superior court), pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. The superior court appointed counsel. Appointed counsel notified the court that there were no claims to raise on a post-conviction review. (Doc. 1-1 at 25.) Petitioner filed a pro se petition and alleged that he was denied the effective assistance of trial counsel because counsel "prevented him from testifying in his own defense by failing to advise him that the ultimate decision whether to testify belonged to him." (Doc. 1–1 at 8.) Petitioner also asserted that counsel improperly waived his right to testify. Petitioner argued that, if he had been called as a witness on his own behalf, he would have testified that the victim had a motive to lie, that she had lied in the past, that she had previously made a false allegation of sexual abuse, and that she did not behave unusually after the alleged abused. (*Id.* at 10.) He also would have explained the circumstances surrounding his confession. (*Id.*) Petitioner stated that he had informed counsel of his "potential testimony" several months before trial. (*Id.*)

On September 29, 2011, the superior court dismissed the petition. (Doc. 1–1 at 25.) Applying the *Strickland* test for ineffective assistance of counsel, the court found that Petitioner had not shown that counsel's performance was deficient. (*Id.* at 25-26);

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] The exhibits in support of the Petition are located at Doc. 1-1. For ease of reference, the Court cites the CM/ECF pagination.

- 2 -

1  *see Strickland v. Washington*, 466 U.S. 668, 686 (1984).  The superior court noted that it
2  had advised Petitioner at the settlement conference, in the presence of counsel, of his
3  right to testify at trial and had told him that whether he testified was "completely up to
4  [him]."  (Doc. 1–1 at 26; Doc. 12, Ex. H at 4.)  The superior court further noted that
5  Petitioner acknowledged in his petition that he and counsel had discussed several times
6  whether he would testify, and that counsel had advised him that it was "not a good idea."
7  (Doc. 1–1 at 26.)  On this record, the superior court stated that it could find no evidence
8  "as to how petitioner was precluded from testifying," and concluded that "petitioner was
9  aware that he had the option to testify and that the decision was his to make."  (*Id*.)

10  The superior court also found that Petitioner failed to satisfy *Strickland's* second
11  prong because even if he established that counsel's performance was deficient, he
12  suffered no prejudice as a result.  The superior court explained:

> Almost all of the testimony he indicated he would present resolved around the credibility of the accuser. Trial counsel extensively examined the victim and others on the victim's tendency to lie. Her credibility was made an issue and evidence was presented to allow the jury to determine whether she was being honest about the allegations. No specifics were provided as to the testimony petitioner would have given that was in addition to or different from that which was presented to the jury. Any additional information about lies presented by the petitioner would not have changed the outcome of the case.

19  (Doc. 1–1 at 26.)

20  The superior court further found that Petitioner's "explanation as to why he
21  confessed would not have changed the outcome of the case" because Petitioner provided
22  no "specific testimony he would have stated to allow the superior court to determine
23  whether there was a basis to evaluate his assertions. Counsel questioned the Detective
24  and the jury was instructed that the confession must be found to be voluntarily given."
25  (*Id*.)

1    Petitioner filed a petition for review in the Arizona Court of Appeals.[3]  (Doc. 21, Ex. A.)[4]  Petitioner argued that, because the superior court did not hold a hearing, it lacked "jurisdiction to adjudicate [his] ineffective assistance of counsel claim on the merits and to render the particular order entered."  (*Id*. at 3.)  He further argued that the superior court's order "violate[d] due process and [was] void because it [was] a final judgment entered without first giving Petitioner an opportunity to be heard."  (Doc. 21, Ex. A at 10-11.)  Petitioner did not specifically challenge the superior court's ruling on the merits of his ineffective assistance of counsel claim.

On September 12, 2012, the appellate court granted review of Petitioner's claims that "he [had] presented a colorable claim and the trial court erred in dismissing his claim without an evidentiary hearing."  (Doc. 21, Ex. B at 3.)  In determining whether the superior court had erred by summarily denying the petition for post-conviction relief without a hearing, the appellate court considered the superior court's ruling on the merits of Petitioner's ineffective assistance of counsel claim.  (*Id*.)  The appellate court affirmed the superior court's determination that Petitioner had not raised a colorable claim that trial counsel was ineffective.  (*Id.*)  Petitioner sought review in the Arizona Supreme Court, which summarily denied review on February 15, 2103.  (Doc. 1–1 at 35.)

### C.    Habeas Petition

On April 18, 2013, Petitioner filed a timely petition for a writ of habeas corpus in this Court asserting that he received ineffective assistance of counsel because counsel prevented him from testifying in his own defense.  (Doc. 1 at 18.)  Petitioner asserts that

---

[3] Petitioner filed "two petitions for review of post-conviction relief" in Division One, 1 CA-CR 11-722 PRPC, and the court later transferred the petitions to Division Two and renumbered the case as 2 CA-CR 2012-0281-PR.  (Doc. 21, Ex. A.)  The only petition for review of the superior court's denial of post-conviction relief in the record before this Court is identified as an "amended petition for review."  (*Id*.)

[4] On February 11, 2014, Respondents filed supplemental exhibits in support of their Answer.  (Doc. 21, Exs. A, B, C.)  These exhibits pertain to Petitioner's appeal of the superior court's denial of his petition for post-conviction relief and include a complete copy of the Arizona Court of Appeals' decision, dated September 12, 2010.  Respondents' earlier filed exhibits included an incomplete copy of that decision.  (Doc. 12, Ex. G.)

trial counsel prevented him from testifying by failing to advise him that it was his decision whether to testify at trial, and that counsel improperly waived his right to testify. (*Id.*)

## II.     Federal Court Review of State Court Decisions

The AEDPA limits the federal court's power to grant a petition for a writ of habeas corpus on behalf of a state prisoner. First, the federal court may only consider petitions alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Sections 2254(b) and (c) provides that the federal courts may not grant habeas corpus relief, with some exceptions, unless the petitioner exhausted state remedies. Additionally, if the petition includes a claim that was "adjudicated on the merits on State court proceedings," the federal court review is limited by section 2254(d).

### A.     Exhaustion

Ordinarily, a federal court may not *grant* a petition for writ of habeas corpus unless the petitioner has exhausted available state remedies.[5] 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by fairly presenting them to the state's highest court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary opportunity, the prisoner must fairly present her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim."). In Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals, either through the direct appeal process or post-conviction proceedings. *Crowell v. Knowles*, 483 F. Supp. 2d 925, 931-33 (D. Ariz. 2007).

Here, Petitioner presented his claim of ineffective assistance of counsel to the superior court. (Doc. 1-1 at 3.) However, in the amended petition for review that

---

[5] Under § 2254(b), the exhaustion requirement for federal court review of a habeas petitions differs depending upon whether the court grants or denies the petition.

- 5 -

1 Petitioner filed in the appellate court, he only challenged the superior court's jurisdiction to issue an order denying his claim of ineffective assistance of counsel without conducting a hearing.  Although the appellate court's resolution of Petitioner's claim required the appellate court to consider whether Petitioner had raised a colorable claim of ineffective assistance of counsel, it did so in the context of determining whether the superior court had erred in denying post-conviction relief without holding a hearing. (Doc. 21, Ex. B.)

Because Petitioner did not specifically raise his claim of ineffective assistance of counsel on appeal, it appears that he did not exhaust that particular claim.  However, the Court need not resolve that issue because exhaustion can be waived "explicitly by respondent's counsel." *Jones v. Hubbard*, 2008 F. Supp. 2d 2008 (E.D. Cal. Mar. 18, 2008).  Here, Respondents state that Petitioner "properly exhausted the claim." (Doc. 12 at 4.)  Additionally, even if Respondents' counsel did not explicitly waive exhaustion, a federal court may *deny* a petition on the merits without exhaustion of state court remedies.  *See* 28 U.S.C. § 2254(b)(2).  Accordingly, the Court considers the merits of Petitioner's claim of ineffective assistance of counsel.

### B. Section 2254(d)

If a habeas petition includes a claim that was "adjudicated on the merits in State court proceedings," federal court review is limited by § 2254(d).  Under § 2254(d)(1), a federal court cannot grant habeas relief unless the petitioner shows: (1) that the state court's decision "was contrary to" federal law as clearly established in the holdings of the United States Supreme Court at the time of the state court decision, *Greene v. Fisher,* __ U.S.__, 132 S. Ct. 38, 43 (2011); or (2) that it "involved an unreasonable application of" such law, § 2254(d)(1); or (3) that it "was based on an unreasonable determination of the facts" in light of the record before the state court.  28 U.S.C. § 2254(d)(2); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011).  This standard is "difficult to meet." *Harrington,* 131 S.Ct. at 786.  It is also a "highly deferential standard for evaluating state court rulings, which demands that state court decisions be given the benefit of the doubt."

*Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (citation and internal quotation marks omitted).

To determine whether a state court ruling was "contrary to" or involved an "unreasonable application" of federal law, courts look exclusively to the holdings of the Supreme Court that existed at the time of the state court's decision. *Greene*, 132 S. Ct. at 44. A state court's decision is "contrary to" federal law if it applies a rule of law "that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Mitchell v. Esparza*, 540 U.S 12, 14 (2003) (citations omitted).

A state court decision is an "unreasonable application of" federal law if the court identifies the correct legal rule, but unreasonably applies that rule to the facts of a particular case. *Brown v. Payton*, 544 U.S. 133, 141 (2005). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree on the correctness of the state court's decision.'" *Richter*, 562 U.S.___, 131 S. Ct. at 786 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determination." *Id.*

### C.   Adjudication on the Merits

Petitioner argues that because the superior court did not hold an evidentiary hearing on his petition for post-conviction relief it did not adjudicate his claim on the merits and, therefore, § 2254(d)'s deferential standard of review does not apply to his claim of ineffective assistance of counsel.[6] (Doc. 14 at 4); *see* 28 U.S.C. § 2254(d).

---

[6] To the extent that Petitioner argues that the superior court failed to comply with Arizona law governing post-conviction proceedings or violated his Due Process rights, his claims fail. First, he did not raise such claims in this Court until he filed his replies in support of his motion for an evidentiary hearing and in support of his petition. (Doc. 14 at 4-6, Doc. 19 at 2) "The district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)). Second, habeas corpus relief is

The Ninth Circuit has held that "a state has 'adjudicated' a petitioner's constitutional claim 'on the merits' for purposes of § 2254(d) when it has decided the petitioner's right to post conviction relief on the basis of the substance of the constitutional claim advanced, rather than denying the claim on the basis of a procedural or other rule precluding state court review of the merits." *Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2004). In *Lambert*, the Ninth Circuit clarified that an evidentiary hearing is not a prerequisite to the application of AEDPA's deferential standard. *Id.* at 969 (declining "to accept [the petitioner's] proposal to inject an 'evidentiary hearing' requirement as a prerequisite to AEDPA deference").

Here, Petitioner's petition for post-conviction relief alleged that he was denied the effective assistance of counsel because counsel "prevented him from testifying in his own defense by failing to advise him that the ultimate decision whether to testify belong to him." (Doc. 1-1 at 8.) The superior court considered Petitioner's claim of ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668 (1984), and determined that Petitioner did not satisfy either prong of that test.[7] (Doc. 1-1 at 26-27.) The superior court noted that at the settlement conference it had advised Petitioner, in the presence of his counsel, that he had the right to testify at trial and whether he did so "was completely up to [him]." (Doc. 1-1 at 26.) The superior court further noted that Petitioner acknowledged in his petition that he had discussed whether he should testify at trial, and counsel had advised him that it "was not a good idea." (*Id.*) The superior court found that Petitioner did not satisfy *Strickland* and concluded that Petitioner had not presented a "material issue of fact or law which would entitled [him] to relief under

---

not available for violations of state law. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 68 (1991) (habeas corpus review is unavailable for violations of state law or for alleged error in the interpretation or application of state law).

[7] In his reply in support of his petition, Petitioner contends that his claim of ineffective assistance of counsel has two parts: (1) whether counsel was ineffective for refusing to accept his decision to testify; and (2) whether counsel was ineffective for failing to inform him that the ultimate decision to testify belonged to him." (Doc. 14 at 3.) He argues that the state courts did not address the first part of his claim. Contrary to Petitioner's assertion, the state courts considered Petitioner's claim that counsel prevented him from testifying. (Doc. 1-1 at 26-27, Doc. 21, Ex. B.)

[Ariz. R. Crim. P. 32] and that no purpose would be served by any further proceedings." (Doc. 1-1 at 27.)

Because the superior court decided Petitioner's "right to post-conviction relief on the basis of the substance of the constitutional claim advanced," it adjudicated Petitioner's constitutional claim on the merits, and § 2254(d)'s deferential standard of review applies to this case.[8]  Accordingly, the court reviews the superior court's decision under that standard.[9]  *See Lambert*, 393 F.3d at 969.

### III.   Standards for Ineffective Assistance of Counsel Claims

The controlling Supreme Court precedent on claims of ineffective assistance, now and at the time of the superior court's decision on the petition for post-conviction relief, is *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a petitioner must show that counsel's performance was objectively deficient and that counsel's deficient performance prejudiced the petitioner.  *Id*. at 687.  To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Id.* at 690.  When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment.  *Id*.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the

---

[8] Moreover, even if the Court reviewed Petitioner's claim of ineffective assistance of counsel *de novo*, rather than under § 2254(d)'s deferential standard, it would find that Petitioner's claim of ineffective assistance of counsel lacks merit and would recommend that the Petition be denied.

[9] On habeas corpus review, the district court reviews that "last reasoned state court opinion." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).  When the state's highest court denies the claim summarily, the federal court looks through to the last reasoned decision.  *Avila v. Gomez*, 297 F.3d 911, 918 (9th Cir. 2002).  Petitioner argues that the "last reasoned decision" on his claim of ineffective assistance of counsel is the decision of the Arizona Court of Appeals.  (Doc. 14 at 4.)

The Arizona Supreme Court summarily affirmed the appellate court's decision. The court of appeals considered whether Petitioner raised a colorable claim of ineffective assistance of counsel, but in the context of determining whether the superior court erred in denying post-conviction relief without holding a hearing.  Thus, the superior court's decision is the last reasoned state court opinion on Petitioner's claim of ineffective assistance of counsel.

1 circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689. Review of counsel's performance is extremely limited. Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Id.*

To establish a sixth amendment violation, petitioner must also establish that he suffered prejudice as a result of counsel's deficient performance. *Id*. at 691-92. To show prejudice, petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *see also Ortiz v. Stewart*, 149 F.3d 923, 933 (9th Cir. 1998). The prejudice component "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). The court need not address both *Strickland* requirements if the petitioner makes an insufficient showing on one. *See Strickland*, 466 U.S. at 697 (explaining that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."); *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002) (stating that "[f]ailure to satisfy either prong of the *Strickland* test obviates the need to consider the other") (citing *Strickland*, 466 U.S. at 688).

"Surmounting *Strickland's* high bar is never . . . easy." *Richter*, 562 U.S.___, 131 S. Ct. 770, 786 (quoting *Padilla v. Kentucky*, 559 U.S.___, 130 S. Ct. 1473, 1485 (2010)). Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is even more difficult, because both standards are "highly deferential," and because *Strickland's* general standard has a substantial range of reasonable applications. *Richter*, 562 U.S.___, 131 S. Ct. at 788 (citations omitted). The issue under § 2254(d) is not whether counsel's actions were reasonable, but "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

**IV. Petitioner's Ineffective Assistance of Counsel Claim**

Petitioner alleges that trial counsel was ineffective because she "prevented him from testifying in his own defense by failing to advise him that the ultimate decision whether to testify belonged to him" and by waiving his right to testify. (Doc. 1 at 6, 18.) Petitioner argues that had he known that the ultimate decision to testify was his to make, he would have taken the stand and testified. (Doc. 1 at 18.) The superior court rejected this claim finding that Petitioner failed to satisfy either prong of *Strickland*. Petitioner has not shown that the state court's determination was based on an unreasonable determination of the facts, or that it was contrary to or an unreasonable application of *Strickland*.

The Supreme Court has held that the right to be heard includes the right to testify on one's own behalf. *Rock v. Arkansas*, 483 U.S. 44, 49 (1987) ("It cannot be doubted that a defendant in a criminal case has the right to take the witness stand and testify in his or her own defense."). With respect to this right, "defense counsel's role is to advise the defendant whether he should take the stand, but the ultimate decision belongs to the defendant." *United States v. Hover*, 293 F.3d 930, 934 (6th Cir. 2002). The right to testify in one's own defense is personal; it may only be relinquished by the defendant, and such a waiver must be knowing and intentional. *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993). However, such a waiver need not be explicit and may be implied. *United States v. Pino-Noriega*, 189 F.3d 1089, 1094 (9th Cir. 1999). The "waiver of the right to testify may be inferred from the defendant's conduct and is presumed from the defendant's failure to testify or not inform the court of his desire to do so." *Id*. at 1095 (quoting *Joelson*, 7 F.3d at 177). If a defendant remains "silent in the face of his attorney's decision not to call him as a witness," he waives his right to testify. *United States v. Nohara*, 3 F.3d 1239, 1244 (9th Cir. 1993).

In applying *Strickland*, the superior court applied the correct law to the issue. The superior court's rejection of Petitioner's claim of ineffective assistance of counsel was a reasonable application of *Strickland*. First, Petitioner was aware of his right to testify and

1  that the decision to testify rested with him. Petitioner has stated that he and defense
2  counsel discussed whether he should testify at trial and she advised him that it was "not a
3  good idea." (Doc. 1-1 at 26.) While Petitioner asserts that counsel did not inform him
4  that the ultimate decision regarding whether to testify at trial belonged to Petitioner, the
5  record reflects that he was aware of this right. Specifically, during the settlement
6  conference before trial, the trial court specifically told Petitioner "[y]ou have a right to
7  testify at trial or not to testify. That's completely up to you." (Doc. 12, Ex. H. at 4.) In
8  his reply in support of his Petition, Petitioner agrees that "the record plainly shows that he
9  knew he had the 'right to testify . . . .'" (Doc. 14 at 12.)

10 Second, even if Petitioner's counsel failed to inform him of his right to testify,
11 Petitioner remained silent in the face of the counsel's decision to rest the defense's case
12 without calling Petitioner as a witness. Although Petitioner asserts that he had informed
13 counsel that he wanted to testify during jury selection, at the end of the first day of trial,
14 and before the state rested its case (Doc. 1 at 16-17), he does not allege that he renewed
15 his request to testify after defense counsel rested the case. The record before the Court
16 reflects that Petitioner did not advise the court that he wanted to testify. (Doc. 12, Exs. I,
17 K.) Thus, Petitioner implicitly waived his right to testify. *See Nohara*, 3 F.3d at 1244.

18 Moreover, even assuming that counsel's performance was deficient for the reasons
19 Petitioner asserts, Petitioner has not shown that he was prejudiced by counsel's deficient
20 performance. To establish prejudice, Petitioner must demonstrate a "reasonable
21 probability that, but for counsel's unprofessional errors, the result of the proceeding
22 would have been different. "A reasonable probability is a probability sufficient to
23 undermine confidence in the outcome." *Strickland,* 466 U.S at 694.

24 Petitioner argues that if he had testified at trial, he would have testified that the
25 victim had a motive to lie because at the time the charges were brought there was a
26 custody battle between the victim's grandparents (who had custody of the victim) and the
27 victim's mother. (Doc. 1 at 21.) Petitioner contends that the victim fabricated the
28 charges "to please her mother." (*Id.*) Petitioner next states that he would have testified

1 that the victim had a history of lying and manipulating situations, and she had made prior
2 false allegations of sexual abuse against someone else. (Doc. 1 at 21-22.) Petitioner
3 further argues that the day after the alleged abuse, the victim did not act unusual around
4 him. (Doc. 1 at 22.) Finally, he asserts that he would have testified that during the
5 interview with police, he did not feel free to leave, and he felt that he would be at the
6 police station until he admitted guilt. (Doc. 1 at 22.)

7 As the superior court noted, most of the testimony Petitioner would have given
8 centers around the victim's credibility. (Doc. 1-1 at 26.) The record reflects that the
9 victim's credibility was made an issue during trial and evidence was presented from
10 which the jury could weigh her credibility. For example, a school counselor to whom the
11 victim had reported the alleged abuse agreed on cross-examination that when she
12 reported the incident to the Gilbert Police, she told them the victim "was known to lie."
13 (Doc. 12, Ex. I at 13.) The counselor also testified that "there can be times in which [the
14 victim's] story will be mixed with truth and lie." (*Id*.) She further stated that the victim
15 was "vague" about the time period of the incident. (*Id*. at 14.) On redirect examination,
16 the school counselor explained that the victim told her peers "things" that she "made up,"
17 but she considered such untruths minor compared to the allegations of sexual abuse. (*Id.*
18 14.) She further stated that the victim had never lied to her about anything serious. (*Id*.)
19 Petitioner has not explained how the testimony he would have given about the victim's
20 tendency to lie would have differed from the testimony that was presented at trial.

21 Additionally, Petitioner has not shown that there is a reasonable probability that
22 the outcome of the trial would have been different if he had testified at trial regarding the
23 circumstances surrounding his confession. *See Strickland*, 466 U.S. at 694. Petitioner
24 asserts that he confessed because: (1) the police would not accept his protestations of
25 innocence and that he "would never be able to leave the police station unless I admitted
26 guilt;" (2) the police told him the charges were not serious that "everything would be
27 fine" if he confessed; (3) given his respect for authority, he felt intimidated by the police;
28 and (4) "by the end of the interview I questioned myself and ended up believing that it

1  was possible that I could have committed the crimes I stood accused of." (Doc. 1 at 18-
2  19.)

3        At trial, Town of Gilbert police detective Ralph Cornejo testified that Petitioner
4  drove himself to the police station, where he was told he was free to leave. (Doc. 12,
5  Ex. K at 57, 59.) He was not handcuffed or arrested until he made incriminating
6  statements. (*Id*. at 60-61, 66) After Petitioner was read his *Miranda* rights, he continued
7  answering questions. (Doc. 12, Ex. K at 66-67.) Petitioner's counsel cross-examined
8  Cornejo about the circumstances of the questioning. Cornejo testified that he interviewed
9  Petitioner in an interview room with the door closed, the interview lasted four hours, and
10 he used various interviewing techniques. (Doc. 12, Ex. K at 74-77.) Cornejo also
11 testified that about three hours into the interview, Petitioner started to get sad and seemed
12 nervous and defeated. (Doc. 12, Ex. K at 79-80.) The trial court instructed the jury that
13 it "must not consider any statements made by the defendant to a law enforcement officer
14 unless you determine beyond a reasonable doubt that the defendant made the statement
15 voluntarily." (Doc. 12, Ex. I at 20.) Petitioner has not shown that there is a reasonable
16 probability that his testimony about his confession would have changed the result of the
17 trial.

18        Therefore, Petitioner has not established that he received ineffective assistance of
19 counsel because counsel prevented him from testifying or waived his right testify. Thus,
20 Petitioner has not shown that the state court's rejection of this claim was based on an
21 unreasonable determination of the facts, or that it was contrary to or based on an
22 unreasonable application of established federal law.

23 **V.    Evidentiary Hearing**

24        Petitioner argues that he is entitled to an evidentiary hearing. (Doc. 14.)
25 Respondents oppose that assertion. (Doc. 15.) As Respondents correctly argue,
26 Petitioner is not entitled to an evidentiary hearing in this Court. The Supreme Court's
27 decision in *Cullen v. Pinholster*, __ U.S.__, 131 S. Ct. 1388, 1398 (2011), makes clear
28 that review of § 2254(d) claims "is limited to the record that was before the state court

1   that adjudicated the claim on the merits." The Supreme Court reasoned that the
2   "backward-looking language" of § 2254(d)(1) "requires an examination of the state-
3   court decision at the time it was made," and thus the record under review must be
4   "limited to the record in existence at that same time *i.e.*, the record before the state court."
5   *Id.* at 1398. Accordingly, under *Pinholster*, Petitioner is not entitled to an evidentiary
6   hearing.

7   Further, an evidentiary hearing is not warranted when, as in this case, even
8   assuming Petitioner's allegations are true, he is not entitled to habeas corpus relief. *See
9   Schriro v. Landrigan*, 550 U.S. 465, 481 (2007) (district court properly exercised
10  discretion to deny evidentiary hearing when, even assuming the truth of all facts sought
11  to be proven at an evidentiary hearing, claim failed on merits); *West v. Ryan*, 608 F.3d
12  477, 485–90 (9th Cir. 2010) (when defendant failed to allege facts that, if found to be
13  true, would establish a colorable claim under *Strickland*, there was "nothing to be
14  determined in an evidentiary hearing" and the district court did not abuse its discretion by
15  denying one); *Estrada v. Scribner*, 512 F.3d 1227, 1235 (9th Cir. 2008) ("[A] federal
16  court must consider whether such a[n] [evidentiary] hearing could enable an applicant to
17  prove the petition's factual allegations, which, if true, would entitle the applicant to
18  federal habeas relief." (citation omitted) (alterations in original)).

19  Petitioner also requests the appointment of counsel. Rule 8(a) instructs the court
20  to "review the answer, any transcripts and records of state-court proceedings, and any
21  materials submitted under Rule 7 to determine whether an evidentiary hearing is
22  warranted." Pursuant to Rule 8(c), "[i]f an evidentiary hearing is warranted, the judge
23  must appoint an attorney to represent a petitioner who qualifies to have counsel appointed
24  under 18 U.S.C. § 3006A." In this case, there is no need to hold an evidentiary hearing
25  and, therefore, no need to appoint counsel.

26  **VI.   Conclusion**
27  Based on the foregoing, the Petition for Writ of Habeas Corpus should be denied.
28

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Petitioner's Motion for an Evidentiary Hearing and for the Appointment of Counsel (Doc. 14) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 5th day of March, 2014.

_____
Bridget S. Bade
United States Magistrate Judge