NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Chapman,<br><br>                    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                    Respondents. | No. CV-13-00786-PHX-SRB<br><br>**ORDER** |

On April 18, 2013 Petitioner filed a Petition under 22 U.S.C. § 2254 for Writ of Habeas Corpus by Person in State Custody.  He raised one ground for relief.  Petitioner argued that he was denied his constitutional right to the effective assistance of counsel because his trial counsel prevented him from testifying in his own defense by failing to advise that the ultimate decision whether to testify belonged to him and took it upon herself to waive his right to testify. Respondents filed an answer to the Petition on August 22, 2013. Petitioner filed a Reply and Motion for Evidentiary Hearing and for the Appointment of Counsel. Respondents filed a response to Petitioner's Motion for Evidentiary Hearing. Petitioner replied to that response on October 15, 2013, and filed a supplemental reply to the response on November 20, 2013.  Supplemental exhibits A-C were filed by Respondents on February 11, 2014.

On March 5, 2014, the Magistrate Judge issued her Report and Recommendation recommending that the Petition for Writ of Habeas Corpus be denied and that Petitioner's Motion for an Evidentiary Hearing and for Appointment of Counsel also be denied.

Petitioner filed timely written objections to the Report and Recommendation on March 20, 2014. The Court has made a *de novo* review of the record and will overrule Petitioner's Objections to the Report and Recommendation of the Magistrate Judge, will accept the Report and Recommendation of the Magistrate Judge as the Order of this Court and will deny the Petition for Writ of Habeas Corpus and Petitioner's Motion for an Evidentiary Hearing and for Appointment of Counsel.

The only issue raised in this Petition for Writ of Habeas Corpus is whether Petitioner was denied the effective assistance of counsel because his trial counsel prevented him from testifying and waived his right to testify. Petitioner contends that he made repeated requests of his counsel to testify and that, had he known the ultimate decision belonged to him, he would have taken the stand and testified at trial.

In her Report and Recommendation, the Magistrate Judge questioned whether Petitioner's claim of ineffective assistance of counsel was properly exhausted. Petitioner presented his claim of ineffective assistance of counsel in his Petition for Post-Conviction Relief to the Superior Court. The Magistrate Judge noted that in his Amended Petition for Review of the denial of the Petition, Petitioner only challenged the Superior Court's jurisdiction to issue an order denying his claim without conducting an evidentiary hearing. In his Objections, Petitioner claims that his Amended Petition for Review was never accepted by the Court of Appeals, and that, in his reply in support of his Petition for Writ of Habeas Corpus, he attached as Exhibit B the Petition for Review that was considered by the Arizona Court of Appeals.

Exhibit B to Petitioner's Reply to Respondents' Answer to Petition for Writ of Habeas Corpus and Motion for an Evidentiary Hearing and for the Appointment of Counsel presented as the issue for review, "Did the trial court abuse its discretion when it summarily dismissed Petitioner's claim of ineffective assistance of counsel without an evidentiary hearing." Whether described incorrectly as his Amended Petition for Review this is the Petition for Review discussed in the Arizona Court of Appeals' decision denying relief on his Petition for Post-Conviction Relief. In the Arizona Court of

Appeals' memorandum decision filed September 12, 2012, the Court described the issue on review as follows: "Chapman argues he presented a colorable claim and the trial court erred in dismissing his claim without an evidentiary hearing."

The discrepancy noted in Petitioner's Objections between his Petition for Review and Amended Petition for Review is of no moment because the Magistrate Judge described the Petition for Review that was considered by the Arizona Court of Appeals even if it was called an Amended Petition. But more importantly the Magistrate Judge found that, while there may have be a question concerning exhaustion of the constitutional claim of ineffective assistance of counsel, Respondents had explicitly waived the exhaustion requirement. The Magistrate Judge's Report and Recommendation considered the merits of Petitioner's claim that counsel was ineffective by preventing him from testifying, by failing to advise him that it was Petitioner's decision whether to testify at trial, and by improperly waiving Petitioner's right to testify.

In her Report and Recommendation, the Magistrate Judge noted that the standard for this Court's review is limited by 28 U.S.C. § 2254(d).  Under that limited review, this Court cannot grant habeas relief unless Petitioner shows that the state court's decision was contrary to federal law as clearly established by the United States Supreme Court or that the state court's decision was an unreasonable application of federal law or was based on an unreasonable determination of the facts in light of the record in the state court.  Petitioner argues in his Objections, argued to the Magistrate Judge, and argued to the Court of Appeals that he was entitled to an evidentiary hearing in the state court on his claim of ineffective assistance of counsel because in his Petition he made a colorable claim.

The Arizona Court of Appeals addressed this precise issue.  The Arizona Court of Appeals found that Petitioner did not present a colorable claim entitling him to an evidentiary hearing and explained its reasoning.  The Court agrees with the Magistrate Judge that Petitioner has failed to show that the state court's determination that Petitioner failed to satisfy either prong of the *Strickland v. Washington,* 466 U.S. 668 (1984)

1 standard for ineffective assistance of counsel was based on an unreasonable
2 determination of the facts or was contrary to or an unreasonable application of *Strickland*.
3 Petitioner's Objections acknowledge *Strickland's* application and this Court's standard of
4 review. Petitioner's Objections simply reargue the merits of his claim as previously
5 argued in the state court and in his Petition for Writ of Habeas Corpus. Other than a
6 disagreement with the Magistrate Judge Petitioner has failed to show the Magistrate
7 Judge erred in her Report and Recommendation. Because the Court agrees that Petitioner
8 has not established that he received ineffective assistance of counsel and has not shown
9 that the state court's rejection of this claim was based on an unreasonable determination
10 of facts or was contrary to or based on an unreasonable application of established federal
11 law, Petitioner is also not entitled to an evidentiary hearing in this Court. This Court is
12 limited to the record before the state court which adjudicated Petitioner's claims on the
13 merits.

14 IT IS ORDERED overruling Petitioner's Objections to the Report and
15 Recommendation of the Magistrate Judge.

16 IT IS FURTHER ORDERED adopting the Report and Recommendation of the
17 Magistrate Judge as the Order of this Court. (Doc. 23)

18 IT IS FURTHER ORDERED denying Petitioner's Petition for Writ of Habeas
19 Corpus and Petitioner's Motion for an Evidentiary Hearing and for the Appointment of
20 Counsel. (Docs. 1 and 14)

21 IT IS FURTHER ORDERED denying a certificate of Appealability and leave to
22 proceed *in forma pauperis* on appeal because Petitioner has not made a substantial
23 showing of the denial of a constitutional right.

24 Dated this 28th day of April, 2014.

*[signature]*
Susan R. Bolton
United States District Judge